IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Criminal Case No. 2:11-cr-00114-001RB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JUAN LORENZO BARELA JR.,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 3 0 2017

MATTHEW J. DYKMAN
CLERK

## MEMORANDUM BRIEF IN SUPPORT OF
## MOTION FOR MODIFICATION OF TERM OF IMPRISONMENT

COMES NOW, Juan Lorenzo Barela Jr., the Defendant, Pro'Se, respectfully files this memorandum brief in support of his Motion for Modification of Term of Imprisonment, pursuant to 18 U.S.C. §3582(c)(2); §1B1.10(c) of the Sentencing Guideline; and Criminal Rule 11(e) - Finality of Guilty or NOLO CONTENDERE Plea, governing 18 U.S.C.§3582 (c)(2) proceedings.

Defendant is not arguinig that his sentence violated the Constitution, was illegal when imposed, was imposed in violation of U.S. Law, or any of the other reasons listed in §2255(a). Instead, he is arguing that he ought to be given retroactive benefit of a "clarifying" amendment. This type of claim must be brought as a motion under 18 U.S.C. §3582 not under §2255. See; United States v. Jones, 143 Fed. APpx. 526, 527 (4th Cir. 2005) (holding that the district court erred in construing the petitioner's motions under 18 U.S.C. §3582(c)(2) for reduction in sentences based on retroactive application of Amendment 591 as Section 2255 motions.); Ono v. Pontesso, No. 98-15124, 1998 U.S. App. LEXIS 27846, 1998 WL757068 at 1 (9th Cir. Oct. 26, 1998)(noting that

(1)

a request for modification of a sentence pursuant to an Amendment to the Sentencing Guidelines "is most properly brought as a motion under 18 U.S.C. §3582"); See also; United States v. Mines, No. 3:09-CR-106-HEH, 2015 U.S. Dist. LEXIS 37271, 2015 WL 1349648, at 1 (E.D. Va. Mar. 4, 2015)(stating that, to the extent that the petitioner "seeks a reduction in sentence pursuant to any amendment to the United States Sentencing Guidelines, he must file a separate motion for reduction of sentence pursuant to 18 U.S.C. §3582").

U.S.S.G. §1B1.10(b)(1) not only permits, but may often require, district courts to make findings necessary to resolve 18 U.S.C. §3582(c)(2) motions; district courts cannot comply with directive to "determine" defendant's sentencing range under amended guidelines without making additional finding; it is plain that the U.S. Sentencing Commission is prohibiting courts from altering applications of guidelines other than "amended guidelines". United States v. Moore, (2013, CA8 Iowa) 706 F.3d 926. The Eleventh Circuit Court of Appeals reviews a district court's decision whether to reduce an eligible defendant's sentence under 18 U.S.C. §3582(c)(2) for an abuse of discretion. United States v. Williams, 557 F.3d 1254, 1256 (11th Cir. 2009). A district court abuses its discretion by failing to apply the proper legal standard, failing to follow proper procedures, or committing a clear error of judgment. United States v. Jules, 595 F.3d 1239, 1241-42 (11th Cir. 2010; United States v. Drury, 396 F.3d 1303, 1315 (11th Cir. 2005).

Despite the finality of a plea, a defendant may have relief when sentence for crime to which he pleaded is reduced. A defendant who was sentenced to a term of imprisonment based on a Guideline sentencing range that is subsequently lowered may move for a

sentence reduction, even though the reduction in term took place after his sentencing. See; 18 U.S.C. §3582(c)(2) and Criminal Rulee 11 (e) _ Finality of a Guilty or NOLO CONTENDERE Plea.

This rule applies to a sentence for a defendant who pleaded guilty. Even in a case in which the defendant and the government entered into a plea agreement under Criminal Rul 11(c)(1)(C), which permits the parties to agree that a specific sentence or sentencing range is appropriate disposition of the case, and binds the court to the agreed-on sentence once it accepts the plea agreement, the reduction in the statutory or Guidelines sentence for the offense may provide a basis for releif. Freeman v. Unite States, 564 U.S. 522, 131 S.Ct 2685, 180 L.Ed.2d 519, 532 (2011) ("Even when a defendant enters into a [Fed. R. Crim. P.] 11(c)(1)(C) agreement, the judge's decision to accept the plea and impose the recommended sentence is likely to be based on the Guidelines; and when it is, the defendant should beeligible to seek [18 U.S.C.] §3582(c)(2) relief. This straight forward analysis would avoid making arbitrary distinctions between similar defendants based on the terms of theirplea agreements. And it would also reduce unwarranted disparities in federalsentencing, consistent with the purposes of the Sentencing Reform Act."). See also; United States v. Jordan, 853F.3d 1334 1337 (10 Cir, 2017).

A district court must follow a two-step process in ruling on a §3582(c)(2) motion. United States v. Bravo, 203 F.3d 778 (11th Cir. 2000). At the first step, the court must recalculate the defendant's sentence by substituting the amended guideline range for the originally applied guideline range. Id. At this step, all other guideline application decisions made during the

(3)

original sentencing remain intact. Id.: See also; U.S.S.G. §1B1.10(b)(1) (stating that the court must substitute only the relevant amendment into the court's original guideline calculations, and must "leave all other guideline application decisions unaffected"). To be eligible for a reduction, the relevant amendment must lower the defendant's "applicable guideline range," which is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.10(a), which determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. §1B1.10, comment (n.(A)). At the second step, the court must decide whether, in it's discretion and in light of the 18 U.S.C. §3553(a) sentencing factors. to retain the original sentence or resentence the defendant under the amended guideline range. Bravo, 203 F.3d at 781.

The changes here involve the distribution enhancement under 2G2.2(b)(3)(F) to provide a 2-level enhancement if the defendant "knowingly engaged" in distribution, other than distribution described in subdivisions (A) thru (E). This enhancement has cuased the defendant to be treated like an offender who seduced and photographed a child and then distributed the photographs and worse than one who raped a child. The "clarifying" amendment to U.S.S.G. 2G2.2 clarifies on what warrants these enhancements. U.S.S.G. 2G2.2 Application Notes (2) ("the defendant "knowingly engaged in distribution" if the defendant (A) knowingly commited distribution, (B) aided, abbetted, counseled, commanded, induced, procured, or willfully caused distribution, or (C) engaged in distrobution.")

(4)

There was no communication between the Defendant and any others to solicit, aid, abbet, command, induce, procure, or willfully distribute. The Defendant took care that any request for communication of solicitation of material was denied. The Defendant took precautions to ensure that he did "**not distribute**" or share any material by ensuring the folders containing the material were set to the "no share" setting.

The 2nd Circuit Court of Appeals, in <u>United States v. Dorvee</u>, "encouraged" district judges to deviate from 2G2.2 sentencing ranges freely, "bearing in mind that they are dealing with an eccentric Guidelin of highly unusual provenance which unless carefully applied, can easily generate unreasonable results." The Circuit majority observed that "additional months in prison are not simple numbers. Those month have exceptionally severe consequences for the incarcerated individual. The also have consequences both for society which bears the direct and indirect costs of incarceration and for administration of justice which must be at its best when stakes are at their highest."

Congress clearly intended 18 U.S.C §3582(c)(2) to be a "oneway lever" insofar as it gives sentencing courts option to leave defendant's sentence alone or to reduce it, but does not permit the court to increase the sentence. <u>United States v. Dunphy</u> (2009, CA4 W Va) 551 F.3d 247. 18U.S.C.§3582(c)(2) authorizes sentence reduction if defendant was sentenced based on sentencing range that has been subsequently been lowered by U.S. Sentencing Commision, per 18 U.S.C. §3582(c)(2); this rule is parsed in two parts: first, sentence must be based on U.S. Sentencing Guidelines

(5)

range, and second, Guidelines amendment must have the effect of lowering that Guidelines ranges; to meet the first condition of §3582(c)(2), defendant's sentence must be based on actual, calculated Guidelines range upon which the district court relied at sentencing. United States v. Thompson(2010, CA3 PA) 682 F.3d 285. Defendant, in this case, meets both requirements of this rule.

WHEREFOR, based on the facts detailed in the §3582(c)(2) motion and in the memorandum brief, Defendant urges this Court to resentence him in accordance with Ammendment 801.

Respectfully submitted on this the 22 day of October, 2017.

_____
Juan Lorenzo Barela Jr.
Pro'Se Representation
58747-051
FCI Big Spring
1900 Simler Avenue
Big Spring, TX 79720

CERTIFICATE OF SERVICE

I, Juan Lorenzo Barela, Jr., hereby certify that I have served a true and correct copy of the following:

* 18 U.S.C. §3582(c)(2) Motion For Modification of Term Of Imprisonment * Memorandum Brief in Support Of §3582(c)(2) Motion

which is deemed filed at the time it was delivered to prison authorities for forwarding, *Houston v. Lack, 487 U.S. 266 (1988), upon the (plaintiff / defendant) (petitioner / respondent) (appellant / appellee) and/or its attorney(s) of record by placing same in a sealed first-class postage prepaid envelope addressed to:

U.S. District Court

Clerk of the Court

333 Lomas Blvd NW

Albuquerque, NM 87102

and deposited into this institution internal mail system located at FCI BIG SPRING, 1900 Simler Avenue, Big Spring, Texas 79720, on this 27 day of October, 2017.

A notice of this filing has also been served on the:

U.S. Attorney

555 South Telshore Blvd. Suite 300

Las Cruces, NM 88011

_____
Juan Lorenzo Barela Jr.
PRO'SE LITIGANT

*Pursuant to Fed.R.App.P25(a)(2)(c), "A paper filed by an inmate confined in an institution is timely filed if deposited in the institution's internal mail system on or before the last day for filing."

Juan Barela
58747-051
FCI Big Spring
1900 Simler Avenue
Big Spring, TX 79720

October 27, 2017

U.S. District Court
Clerk of the Court
333 Lomas Boulevard NW
Albuquerque, NM 87102

RE:  Criminal Case No.
     2:11-cr-00114-001RB

Dear Clerk of the Court:

I am filing a 18 U.S.C. § 3582(c)(2) Motion for Modification Of Term Of Imprisonment with your Court.  I am enclosing a copy of the front sheets for the Motion and for the Memorandum Brief.  Please file stamp both copies and return them to me in the self addressed stamped envelope provided.  Thank you very much for your time and assistance.

Sincerely,

Juan Barela


Registered Mail
7016 1370 0000 9057 5122

Juan Batela 58747-051
Federal Correctional Institute
1900 Simler Ave
B.5 Spring, TX 79720

LEGAL MAIL

⇔58747-051⇔
Clerk Of The Court Las Cruce
333 Lomas BLVD NW
Albuquerque, NM 87102
United States

RECEIVED
At Albuquerque NM
OCT 30 2017
MATTHEW J. DYKMAN
CLERK

CERTIFIED MAIL
7016 1370 0000 9057 5122

LEGAL MAIL

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL CORRECTIONAL INSTITUTION
BIG SPRING, TEXAS 79720
Date: 10-27-72

The enclosed letter was processed through special mail
procedures for forwarding to you. The letter has been
neither opened nor inspected. If the writer raises a question
or problem over which this facility has jurisdiction, you may
wish to return the material for further information or
clarification. If the writer encloses correspondence for for-
warding to another addressee, please return the enclosure to
the above address.