IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                            No. CR 11-0114 RB

JUAN LORENZO BARELA JR.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Modification of Term of Imprisonment, filed on October 30, 2017. (Doc. 74.) Having reviewed the Motion, the record, and the applicable law, the Court finds the Motion is not well-taken and will be **denied**.

**I.    Background**

On August 4, 2011, pursuant to a plea agreement, Mr. Barela pleaded guilty to an Indictment charging him with distribution, attempted distribution, and possession of child pornography in violation of 18 U.S.C. §§ 2, 2252(a)(2), (a)(4)(B), (b)(1), (b)(2), and 2256. (*See* Docs. 11; 36; 37.) The Court sentenced Mr. Barela to a 210-month term of imprisonment on June 4, 2014. (Doc. 53.)

Mr. Barela appealed the sentence on June 10, 2014. (Doc. 56.) On August 18, 2015, the Tenth Circuit found that the Court's "imposition of a five-level enhancement" pursuant to U.S.S.G. § 2G2.2(b)(3)(B) was in error, and it remanded for resentencing. *United States v. Barela*, 797 F.3d 1186, 1188 (10th Cir. 2015). The Court resentenced Mr. Barela to a 151-month term of imprisonment on May 26, 2016. (Doc. 72.) Mr. Barela now moves for a reduction of sentence pursuant to 18 U.S.C. § 3582(c) and § 1B1.10(c), based on Amendment 801 to the Sentencing Guidelines. (*See* Doc. 74.)

1

## II.     Analysis

"When a 'motion for [a] sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c).'" *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008) (quoting *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (internal quotation and alteration omitted)). "Section 3582(c) provides that a 'court *may not* modify a term of imprisonment once it has been imposed except' in three limited circumstances." *Smartt*, 129 F.3d at 540–41 (quoting 18 U.S.C. § 3582(c); subsequent citation omitted). "First, upon motion of the Director of the Bureau of Prisons, a court may reduce the term of imprisonment if it finds special circumstances exist." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)(i), (ii)). "Second, a court may modify a sentence if such modification is 'otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.'" *Id.* (quoting 18 U.S.C. § 3582(c)(1)(B)). "Finally, a court may modify a sentence if 'a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o).'" *Id.* (quoting 18 U.S.C. § 3582(c)(2)). Mr. Barela asks the Court to reduce his sentence pursuant to this last provision.

Mr. Barela argues that his sentence should be reduced pursuant to Amendment 801 to the Sentencing Guidelines. (*See* Doc. 75.) Amendment 801 was enacted "to resolve various circuit conflicts concerning the state of mind and acts required to apply guideline enhancements pertaining to distribution of child pornography[,]" and went into effect on November 1, 2016. *See United States v. Aman*, No. 6:04-CR-10244-JTM, 2017 WL 1437313, at *2 (D. Kan. Apr. 24, 2017), *cert. of appealability denied*, 697 F. App'x 939 (10th Cir. 2017) (citing *U.S. Sentencing Guidelines Manual 2016, Supp. to App. C, Amendment 801* (effective Nov. 1, 2016)). The Sentencing Commission did not designate Amendment 801 as retroactive. *See id.* (citing

U.S.S.G. § 1B1.10). Accordingly, the Court may not reduce Mr. Barela's sentence based on Amendment 801. *See id.* (citations omitted).

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Modification of Term of Imprisonment (Doc. 74) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**